**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**CHARRELL MOSLEY** **PLAINTIFF**

**v.** **Case No. 4:25-cv-00919-LPR**

**MASHAUN HART, VISTAR TRANSPORTATION, LLC, and CODY JAMES ELKINS** **DEFENDANTS**

**ORDER**

This is a case about a traffic accident. But this Order isn't about the merits of the case. This Order addresses Plaintiff's Motion to Remand.[1] As explained below, the Court lacks subject matter jurisdiction because the parties are not diverse.[2] Accordingly, Plaintiff's Motion is GRANTED.

This case was removed to federal court by Defendants Mashaun Hart and Vistar Transportation, LLC on September 5, 2025.[3] At that time, the parties were diverse.[4] But things changed when Plaintiff filed an amended complaint that added a third defendant, Cody James Elkins.[5] Both the Plaintiff and Mr. Elkins are Arkansas residents.[6] Shortly after filing the Amended Complaint, Plaintiff filed the instant Motion to Remand, arguing that the Court lacks diversity jurisdiction and must remand the case back to state court.[7]

---

[1] Pl.'s Mot. to Remand (Doc. 12).

[2] *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . .").

[3] *See* Notice of Removal (Doc. 1).

[4] *See id.* ¶¶ 9–10.

[5] *See* Am. Compl. (Doc. 10) ¶ 5.

[6] *See id.* ¶¶ 2, 5.

[7] *See* Pl.'s Mot. to Remand (Doc. 12) ¶ 5. The Court acknowledges that Plaintiff's remand motion does not include an accompanying brief, which violates the Local Rules. *See* Local Rule 7.2(a) ("All motions . . . shall be accompanied by a brief . . . ."). However, because the remand issue relates to the Court's jurisdiction, the Court would be required

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by [the United States] Constitution and statute."[8] That means that a federal court cannot hear a case if it lacks subject matter jurisdiction. And, generally speaking, subject matter jurisdiction must be based on either federal question jurisdiction or diversity jurisdiction.[9] The former exists if the case arises "under the Constitution, laws, or treaties of the United States."[10] The latter exists if the dispute is "between . . . citizens of different States" and the amount in controversy exceeds $75,000.[11] Since the early 1800s, the Supreme Court has "read the statutory formulation 'between . . . citizens of different states' to require complete diversity between all plaintiffs and all defendants."[12] Complete diversity means that "no defendant holds citizenship in the same state where any plaintiff holds citizenship."[13]

In the instant case, all parties agree there is no federal question at issue.[14] So the Court's subject matter jurisdiction must be based on diversity. But the current configuration of the parties suggests there is no diversity jurisdiction. That's because, in the Amended Complaint, Plaintiff

---

to address the issue *sua sponte*. *See Thigulla v. Jaddou*, 94 F.4th 770, 773 (8th Cir. 2024) ("[C]hallenges to subject-matter jurisdiction may be raised by the defendant at any point in the litigation, and courts must consider them *sua sponte*." (internal quotations omitted)). Therefore, the Court won't go through the rigmarole of requiring Plaintiff to file a new motion that complies with the local rules.

[8] *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017) (internal quotations omitted).

[9] *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). 28 U.S.C. § 1331 provides for federal question jurisdiction, and 28 U.S.C. § 1332 provides for diversity jurisdiction. *See id.*

[10] 28 U.S.C. § 1331.

[11] 28 U.S.C. § 1332(a).

[12] *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005) (first citing *Strawbridge v. Curtiss*, 3 Cranch 267 (1806); and then quoting 28 U.S.C. § 1332(a))).

[13] *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *Cleek v. Ameristar Casino Kansas City, LLC*, 47 F.4th 629, 634 (8th Cir. 2022) ("[F]ederal courts lack diversity jurisdiction if any plaintiff is a citizen of the same state as any defendant.").

[14] *See generally* Pl.'s Mot. to Remand (Doc. 12); Def. Elkins' Resp. to Mot. to Remand (Doc. 24); Defs. Hart and Vistar Transportation, LLC's Resp. to Mot. to Remand (Doc. 26).

joined Mr. Elkins—an Arkansas citizen—as a defendant in this action.[15] And, since Plaintiff is also an Arkansas citizen, adding Mr. Elkins destroyed diversity jurisdiction.[16]

Two of the three Defendants agree with Plaintiff that this case should be remanded.[17] Separate Defendant Cody Elkins disagrees. He acknowledges that the Amended Complaint "destroys diversity jurisdiction[,]" but argues that the Court should "reconsider its decision to permit" Plaintiff to file an amended complaint in the first place.[18] Mr. Elkins argues that reconsidering the Motion to Amend is necessary because, when Mr. Elkins was added to the case via Plaintiff's Amended Complaint, Plaintiff failed to notify the Court that adding Mr. Elkins as a defendant would destroy diversity.[19] Mr. Elkins contends that Plaintiff's Motion to Amend misled (or at least hid the ball from) the Court by stating that "[n]o undue prejudice to Defendants would result from the proposed amendment."[20] Indeed, in Mr. Elkins' view, "Plaintiff did not disclos[e] the foreclosure of diversity jurisdiction until [Plaintiff] moved to remand."[21] Mr. Elkins relies on the Eighth Circuit case *Bailey v. Bayer CropScience, L.P.* to support his argument that "[a] trial court may reconsider its decision to permit an amendment to name additional defendants when the plaintiff fails to inform the court that the new defendant will destroy diversity."[22]

In sum, Mr. Elkins' argument is that the Court should (1) reconsider Plaintiff's Motion to Amend, (2) deny it, and then (3) deny Plaintiff's Motion to Remand because Mr. Elkins would no

---

[15] *See* Am. Compl. (Doc. 10) ¶ 5.

[16] *See id.* ¶ 2.

[17] *See* Defs. Hart and Vistar Transportation, LLC's Br. in Supp. of Resp. to Mot. to Remand (Doc. 27) at 1–3.

[18] Def. Elkins' Br. in Supp. of Resp. to Mot. to Remand (Doc. 25) at 5–6.

[19] *See id.* at 5–8.

[20] *Id.* at 6 (quoting Pl.'s Mot. for Leave to File Am. Compl. (Doc. 8) ¶ 2).

[21] *Id.*

[22] *Id.* (citing *Bailey v. Bayer CropScience, L.P.*, 563 F.3d 302, 307 (8th Cir. 2009)).

longer be a diversity-destroying defendant. The Court disagrees. The Court granted Plaintiff's Motion to Amend in large part because it was unopposed.[23] Given Rule 15's "liberal amendment standard[,]" non-opposition is—in all but the most unusual case—enough to permit amendment.[24] Moreover, the very Defendants who removed the case to federal court in the first place—and were the only Defendants in the case before the amendment occurred—agree that this case should now be remanded for lack of diversity jurisdiction.[25]

Although *Bailey* lends some support to Mr. Elkins' argument, that case is distinguishable from the instant case in meaningful ways. Most importantly, Plaintiff in this case did more than enough for the Court to be notified that joinder would destroy diversity. *Bailey* states that a federal district court has "discretionary authority to reconsider and reverse its previous joinder decision" where "the record indicates that the problem of the addition of the non-diverse defendant *was not brought to the attention of the Court* or recognized by the parties . . . ."[26] Plaintiff's Amended Complaint, which was attached to Plaintiff's Motion to Amend, unambiguously states that Mr. Elkins is an Arkansas resident.[27] And again, the only two Defendants in this action before the amendment recognized that Mr. Elkins' joinder would destroy diversity, which is (in part) why they chose not to oppose the Motion to Amend or the subsequent Motion to Remand.[28] Under

[23] *See* Defs. Hart and Vistar Transportation, LLC's Resp. to Mot. to Remand (Doc. 26) ¶ 4 ("[T]his Court permitted Plaintiff to join [Mr.] Elkins as a defendant, with no objection from Defendants, as he is the at-fault party and will share at least a portion of the liability . . . .").

[24] *See BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025) ("[T]he liberal amendment policy of Rule 15(a) . . . requires courts to freely give leave to amend pleadings before trial when justice so requires . . . ." (internal quotations omitted)); *Bailey*, 563 F.3d at 307 ("When a plaintiff requests leave to amend his complaint before trial, '[t]he court should freely give leave when justice so requires.'" (quoting FED. R. CIV. P. 15(a)(2))).

[25] *See* Defs. Hart and Vistar Transportation, LLC's Br. in Supp. of Resp. to Mot. to Remand (Doc. 27) at 1–3.

[26] *Bailey*, 563 F.3d at 307 (emphasis added) (quotations omitted).

[27] *See* Ex. 1 (Am. Compl.) to Pl.'s Mot. for Leave to File Am. Compl. (Doc. 8-1) ¶ 5; Am. Compl. (Doc. 8) ¶ 5.

[28] *See* Defs. Hart and Vistar Transportation, LLC's Br. in Supp. of Resp. to Mot. to Remand (Doc. 27) at 1–3.

such circumstances, the Court will not reconsider its granting of Plaintiff's Motion for Leave to Amend the Complaint.[29]

Accordingly, Plaintiff's Motion to Remand (Doc. 12) is GRANTED.[30] The Clerk of Court is directed to remand the case back to the state court from whence it came.

IT IS SO ORDERED this 14th day of August 2026.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

[29] Even if the Court were to reconsider Plaintiff's Motion to Amend, the Court would still grant it. The Amended Complaint attached to the Motion to Amend sufficiently alleges that Mr. Elkins was involved in and potentially at fault for the underlying facts on which Plaintiff's suit is predicated. That's enough for the Court to permit Mr. Elkins' joinder pursuant to Rule 20(a)(2). *See* FED. R. CIV. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").

[30] The pending Second Motion for Leave to File Second Amended Complaint (Doc. 22) is irrelevant because, even if the Court were to grant that motion, it wouldn't change the outcome of the remand issue. Similarly, today's Order also moots Mr. Elkins' Motion to Dismiss (Doc. 17). The same is true of Plaintiff's Motion for Hearing on Plaintiff's Motion to Remand or, in the Alternative, Request for Ruling on the Papers (Doc. 35).